But,
 

 by the Court
 

 It cannot be agreeable to be called on thus fuddenly to give a judicial opiniop, on an important queftion: and, therefore, in the prefent, as well as in every other cale, we fhall be ready to liften to any motion, which will introduce a re-confideration and reviiion of the decifi-ons pronounced in the courfe of a trial.
 

 The ohjedtions, however, do not áppear to be fufficiently cogent to exclude the witnefs. The evidence will
 
 not contra-di#
 
 the deed, though it may enable the jury to apply the property to the ufes originally intended by the parties. ■ Nor is the evidence calculated to
 
 invalidate
 
 the deed; but to fupport and diredl it to the pyrpofes for which it was given. As to the
 
 interejl
 
 of the witnefs, it does not feem to be affedted by the event of this caufe: And the laudáble liberality of courts of juftice, in modern times, has fet us the example, for referring all fuch objections of doubtful and diftant interefts, to the credit, rather than.to the competency, of the party.
 

 The objections are, therefore, over-ruled.
 

 ' ON examining the witneffes, it appeared, that at the time the mortgage, was promifed apd executed, and for fome time afterwards, the Plaintiff did not ki'iow of. the tranfadlion; that he furrendered
 
 Morris
 
 and
 
 Nicholfon’s
 
 notes, iii confideration. of
 
 Samuel Clarkfin’s
 
 indqrfement, without reference to any o. th r fecurity; and that the amount du.e. from’
 
 Levinus Clark-fin to'Samuel Clarkfon,
 
 exceeded the proceeds of all the fecu-ndes placed in the hands of the latter. In a written ftatement made by
 
 Samuel Clarkfon,
 
 at the time, however, he had fet forth the engagements, for which the mortgage and other fe-curities had- been gi ven, inferting, among the reft, the note held by the Plaintiff; but this feemed merely to be deferiptiye
 
 *509
 
 of the engagements againft which
 
 Samuel Clarkfon
 
 was
 
 to.
 
 be indemnified, and not an appropriation of the fecundes, as a fund for paying the perfons to whom he was bound.
 

 E. Tilghman. and'M.
 
 Levy, for. the Plaintiff:.
 
 Lewis
 
 and flallowell, for the Defendant.
 

 The Court expreffed a decided opinion, that, under fuch Gircumftances, there was no exprefs truft, nor any ground for' an implied truft, in favor of the Plaintiff. He had made his bargain Amply on the credit of
 
 Samuel Clarkfon's
 
 indorfement, without contemplating any other fecurity. The mortgage was taken by
 
 Samuel Clarkfon
 
 for his own indemnification. The tranfadiions were, therefore, fubftantive and unconnected: And no truft being declared, or contemplated, at the time, a Court of law cannot, on the fuggeftions of humanity, undertake to. create one, in oppofition to" other legal and meritorious claims.
 

 The Plaintiff fuffered a non-fuit.