Tilghman C. J.
delivered the opinion of himself and Gibson J.; Duncan J. having been concerned in the case as counsel, did not sit.
On the trial of this cause in the Court of Common Pleas of Dauphin county, the Court rejected the deposition of John Hatfield, and a patent to Jacob Baker, offered in evidence by the defendants, on which an exception was taken to their opinion, but the papers rejected have not come up with the record. In this situation we can form no judgment. I shall, therefore, say nothing as to that exception. But there are other exceptions, concerning which, enough appears on the record, to enable us to decide. After the evidence on both sides was closed, the counsel for the defendants requested the Court to instruct the jury on ten points, which are stated. On the 1st, 2d, 3d, 4th, 6th, 7th, 8th, and 9th, points, the Court directed the jury in the manner requested by the defendants’ counsel, provided the jury should agree with the counsel, in opinion, as to the facts, but the decision of these facts was left to the jury. Of course the law was to depend on the fact. The Court have certainly a right to direct in this manner, and it is most prudent to do so, for the facts cannot be withdrawn from the jury. The defendant’s counsel complain, that the jury were not directed to find for *211 the defendant on the evidence; but I think they complain without cause ; for, however strong the evidence may be on one side, it is not for the Court to decide it, and they discharge their duty when they instruct the jury as to the law, leaving the facts to them. The 10th point proposed to the Court was, that the labour of the son of Thomas'Black, being an infant, enured to the use of his father. Instead of laying down this broad position, the Court told the jury, “ that if a father permits his minor son to work for himself, for his own use and benefit, and the son, accordingly, improves and settles on a tract of land, his title is the same as if he was of age at the time of improving, settling,” &c. This is all very correct. And, although it was not expressly said, that if the father did not give such permission, the labour of his son should enure to his (the father’s) use, yet the meaning of the Court is sufficiently apparent. The general rule is, that the work of the son, is for the use of the father, and the case put by the Court, is an exception to the rule. I think the charge could not have been misapprehended by the jury, and a judgment should not be reversed on such critical objections to the language of the Judge. But the point of greatest difficulty was the 5th, and on that the Court gave a decided opinion, which was the subject of a special exception. The defendant had given in evidence, the record of certain proceedings under the landlord and tenant act, whereby it was found by twelve freeholders, assisted by two justices, that the plaintiff had held the land in contest for a certain period, under a lease from Bartram Galbraith deceased. In opposition to this verdict, the plaintiff offered to prove, that he held and made valuable improvements on this land, in his own right, and not under a lease from the said Bartram Galbraith. The defendants objected to the evidence, and contended, that the plaintiff was estopped by the inquisition. But the Court were of a different opinion, and admitted the evidence, directing the jury, that the record of the proceedings before the justices, was legal, but not conclusive evidence for the defendants.
The object of the proceedings under the landlord and tenant act, is to obtain possession for the landlord; and in order to effect this, they are summary. The jury are to appear within four days after issuing the summons, and although •the tenant is also summoned, and has an opportunity of being *212 heard, yet it cannot be supposed, that the matter in dispute can be decided in a manner as satisfactory as in a Court of justice.' If the landlord obtains his possession, the object of the law is answered, and it does not appear, that justice would be promoted, by extending the efficacy of the proceedings any further. Should an action afterwards be brought by the tenant to try the title, the truth might be better ascertained, by the evidence produced on the trial, without considering the tenant as estopped by the proceedings before the justices. But it is.insisted on, by the counsel for the defendants, that a matter which has been once tried and decided, shall not be controverted again between the same parties. That the rule is such, when trials are had in the regular courts of justice, is not to be denied. But it would be going too far, to extend it universally to summary proceedings. On a fieri facias and scire facias against an executor, although it be found by the jury, that the executor hath committed a devastavit, yet this finding may be traversed. And.in general, inquests of office are traversable. But this is not an inquest of office; the proceedings are at the instance of the landlord, and the tenant is summoned. If the act of assembly had directed, that an issue should be joined between the parties, and that the verdict should be conclusive, I should have thought, that it could never afterwards be controverted between those parties. But the proceedings are not so. If the jury find the allegations of the landlord to be true, viz. that the lease was made, that it is fully ended, and that demand was made of the tenant to leave the premises, three •months before the landlord’s application to the justices, then the justices are to make a record of such finding, &c. But, suppose the jury do not find these things, what is to be done? No record is directed to be made in such cases, and consequently no judgment is given for the tenant, nor can he in any subsequent proceedings, avail himself of the opinion of the jury. According to the construction then contended for by the defendants, the act of assembly would work very unequally, and to the manifest injury of the tenant. If the landlord obtains a verdict, he not only gets the possession, but in an action brought afterwards to try the title, the tenant is estopped ; he can deny no fact found by the jury ; but if the opinion of the jury should be in favour of the tenant, the landlord is not estopped, and the tenant has no other advan *213 tage than the retaining of the possession. This is, a very strong circumstance, distinguishing the present .case from those in which the parties are for ever concluded, by a verdiet on the same point; and quite sufficient in my opinion to form an exception from the general rule. I am for giving the act of assembly complete operation to effect its purpose ; the restitution of possession to the landlord. But there I would stop. The end of the law is answered, and it would be inconvenient to carry it farther. I am, therefore, of opinion, that the Court of Common Pleas decided rightly, and their judgment should be affirmed.
Judgment affirmed,