# United States *against* Mertz.

The declarations of a party who is charged with fraud, when they are not part of the *res gesta*, but explanatory of a concomitant act, should not be permitted to go in evidence to the jury.

A father may authorise his son to contract with an employer and receive his wages for his own use ; but the facts, that the son was out at service, and the father received his wages, of themselves show no relinquishment of the father's property in the son's labour.

In a question of fraud, the validity of a conveyance from a father to a son depends not on supplementary acts, but on the character of the contract when it was made.

ERROR to the common pleas of *Union* county.

The real estate of Isaac Mertz was sold by the sheriff, and the proceeds were brought into court for distribution. They were claimed by the United States in a judgment against Isaac Mertz,

[United States v. Mertz.]

and by *Israel Mertz* the defendant in error, by virtue of a deed from his father Isaac Mertz. It appeared in evidence that there were many judgments entered against Isaac Mertz previously to 1829, when he conveyed his real estate to his son, in consideration of alleged indebtedness of the father to the son ; and the evidence of that indebtedness was, that the son had worked abroad, and the father had received his wages; but that work did not amount to the value of the estate, but may have amounted to its value subject to the incumbrances upon it. The judgment of the United States was obtained subsequently to the date of the conveyance ; and the cause was put upon the ground that the deed from the father to the son was fraudulent. Upon the trial of the cause, the plaintiff Israel Mertz offered to prove by the scrivener who wrote the deed from the father to the son, that the father told him at the time he was writing it, " that the object was to secure his son for money which he had earned when working for himself, which he, the father, had received." This evidence was objected to by the defendant, but the court overruled the objection and sealed a bill of exceptions. The court below, upon a point put by the defendant, instructed the jury, that although the son had not paid a full consideration, that they might consider the payment of the incumbrances as part of the consideration. The charge was excepted to. It did not appear that the son had paid the incumbrances. The jury found for the plaintiff Israel Mertz.

*Bellas,* for plaintiff in error.
*Lashels,* for defendant in error.

The opinion of the Court was delivered by
GIBSON, C. J.—That the evidence was erroneously received, admits not of an argument. There is an intuitive exception to the competency of exculpatory protestations by a party charged with a fraud. His declarations are never admitted to make evidence for himself when they are not part of the *res gesta* and explanatory of a concomitant act, which is here the employment of a scrivener, and entirely irrelevant to the matter in issue. There is a class of cases in which questions of competency have arisen on declarations of the grantor in presence of the parties, and at, or immediately preceding the execution of the deed. But in these, the evidence was offered to establish, not to rebut a fraud. Of this class were Campbell *v.* M'Clenachan, 6 *Serg. & Rawle* 171 ; Wallace *v.* Baker, 1 *Binn.* 610 ; Wolfe *v.* Carothers, 3 *Serg. & Rawle* 240 ; Whiting *v.* Johnson, 11 *Serg. & Rawle* 328 ; and Richart *v.* Castator, 5 *Binn.* 109. With the same qualification, declarations are admissible to establish a trust ; as in Dinkle *v.* Marshal, 3 *Binn.* 587, and Peters *v.* Willing, 3 *Dall.* 506. But the evidence admitted here is, that the grantor called on the witness to draw the deeds, and, in answer to an inquiry about the consideration, spoke of certain moneys received by him as the earnings of the vendee, his son. The deeds were then drawn, handed to him, and taken away ; and this was in the presence of

[United States v. Mertz.]

the witness alone, who was not at the execution.  If such communications were admitted into the jury box, they would never be wanting as a preparatory step to collusion ; and their effect would be fatal to justice.

The objection to the charge has respect not so much to the statement of principles as to the application of them to the circumstances. Granting the facts to be as assumed by the judge, that the son laboured for his own advancement and support with the consent of his father, it would follow that he had acquired such a property in the product of his labour as might be the consideration of a conveyance.  Such was the case of Jenny *v.* Alden, 12 *Mass.* 375, and Galbraith *v.* Black, 4 *Serg. & Rawle* 207.  As regards the correlative duties of maintenance and service, the relation of parent and child is so far relaxed that a father may authorise his son to contract with an employer and receive his earnings to his own use.  2 *Kent* 194.  But the evidence in our paper book proves no more than that the son was out at service and that the father received his wages ; facts that would nakedly show no relinquishment of the father's property in his son's labour.  Indeed the principal witness testified, that for aught he knew, the father clothed him.  Now, though it is not error to mistake the facts, yet as the cause is to go to another jury, and as this sort of dealing may be readily perverted in a transaction like the present, it is right to suggest the propriety of instituting a severe scrutiny into the actual footing of the parties, by which, should it not distinctly appear that there was a mutual abandonment of the rights and duties of the father and the son, the case would be with the defendant.  But the law, in respect to another part of it, was stated in a way to produce inevitable error.  It has not been pretended that the sum agreed to be paid by the son, was a full consideration ; but as the property was incumbered to the value of the unpaid residue, the court expressed an opinion that the payment of the incumbrances might be taken for a part of the consideration, and so indeed it might if the son had agreed to pay them either out of the property or out of his own pocket.  A bargain, however, by which the purchaser may get the estate at an under value by the happening of a contingency, is clearly within the statute.  An estate worth 8000 dollars might be had for a fourth of the sum, if a purchaser of it for 2000, but subject to incumbrances to the amount of the remaining 6000, could procure the incumbrancer to take satisfaction out of the debtor's other property.  To sustain a bargain on terms like those, would offer to the ingenuity of debtors a device of too much potency not to be used with effect by them in covering their property.  In order to insure fair dealing, it is requisite that the purchaser be bound to pay the worth of the estate in any event, either directly to the vendor or in discharge of the liens ; not merely to pay a sum less than the value in the first instance, and take his chance for the residue.  The counsel prayed a direction, that as the vendee did not in fact pay the incumbrances, the conveyances were fraudulent on that

[United States v. Mertz.]

ground ; but the court thought it enough to rebut the inference of fraud that they were paid out of the land.    The objection lies deeper than seems to have been anticipated either by the court or the counsel.    The validity of the conveyance depends not on supplementary acts, but on the character of the contract when it was executed.    By the 13th *Elizabeth* it would seem that it was positively void, and that it did not admit of confirmation, just as it was agreed by all the judges in Chesterfield *v.* Janssen, 2 *Ves.* 125, S. C. 2 *Atk.* 301, that the contract in that case would have been irreparably void had it been within the statutes of usury.    If it shall appear, therefore, that the vendee took the property barely subject to the incumbrances, without contracting to keep the grantee and the rest of his property free of them, it will be the duty of the court to pronounce the conveyance incurably vicious.

Judgment reversed, and a *venire de novo* awarded.