Per Curiam.
Ejectment can be maintained only on a title, legal or equitable, or, perhaps, in particular circumstances, to enforce a lien; and the court might have gone a great way towards the latter in Blade v. Galbraith, (4 Serg. & Rawle, 207,) had the existence of the lien been established. But it was distinctly asserted, and, we trust, unalterably established in Kauffelt v. Bower, (7 Serg. & Rawle, 64,) that there can be no lien in any case where the vendor has conveyed the legal title.* In the other cases, the title was the foundation *of the action which was brought, at least ostensibly, in disaffirmance of the contract, not on it; and in no case has it been pretended, that ejectment lies to enforce payment of a bond, unassisted by the title, for the purchase-money. Such was the action here, an'd it was properly held not to be maintainable.
Judgment affirmed.
Cited by Counsel, post 490; 8 Watts, 50; 9 Id. 510; 3 Barr, 76; 5 Casey, 416.
Cited by the Court, 2 Harris, 542; 12 Wright, 100.

 Unless by express agreement, 7 Watts, 147; 9 Id. 16; 13 Wright, 13, 153.*