## Cummings *against* Cummings.

The law raises no implied promise to pay; from the mere fact of a mother's maintenance of her child, the presumption is, that she furnished it gratuitously, without regard to the means of either.

ERROR to the common pleas of *Columbia* county.

The administrators of Fanny Cummings deceased, for the use of John M'Reynolds against Nancy Cummings, with notice to William S. Davis, her guardian. This was an action of *assumpsit*, in a *quantum meruit*, in which the plaintiff offered the following evidence:

That Fanny Cummings, the plaintiff's intestate, boarded, lodged, clothed, and schooled Nancy Cummings, from the 1st day of June 1830, until the 30th day of June 1835. That William S. Davis, the guardian of said minor, resided in the town of Washington, where the said minor was so boarded, lodged, clothed and schooled, and within a few yards of the place, and was frequently in the house where the said minor was so boarded, &c., and furnished no support to the said minor. That said Fanny Cummings was almost entirely without property, was unable to support said minor with her own means; was administratrix of James Cummings, deceased, with John M'Reynolds administrator, and as administratrix aforesaid, had a large portion of the estate of James Cummings, deceased, in her hands. And on a settlement between the said John M'Reynolds and the administrators of the said Fanny Cummings since the decease of the said Fanny, it appeared that the said Fanny had expended of the estate of James Cummings, deceased, above five hundred dollars, and that the estate left by the said Fanny Cummings, who died about the 30th of June 1835, was insufficient to pay any part of the said sum. Also, that said Fanny Cummings was the mother of said Nancy, and that the said Nancy was of the age of five years the 1st day of June 1830. And the amount of said boarding, &c., was reasonably worth.

The court below (Lewis, president) was of opinion that the offer made, if proved, would not entitle the plaintiff to recover, and therefore rejected the evidence, and sealed a bill of exceptions.

*Montgomery* and *Frick*, for plaintiff in error, cited 5 *Rawle* 323; 7 *Watts* 237, 345.

*Comly*, for defendant in error.

Per Curiam.—The presumption from a mother's maintenance of her child, whatever be the means of either, is that she furnished

[Cummings v. Cummings.]

it as a gift.   If the child has nothing to recur to, the presumption is irresistible; and if it even has an estate, her omission to have it applied by a guardian, is equally so.   Perhaps one case could not be picked out of a thousand, in which the presumption would not accord with the fact.   They who would set bounds to the generosity of a mother, know, but little about the impulses of such a parent.   The presumption, therefore, being legitimately founded in the natural course of things, prevails till it is rebutted; and as the plaintiff did not offer a *prima facie* case, the evidence was rightly excluded.

Judgment affirmed.