[PHILADELPHIA, APRIL 8, 1841.]

## GOSSNER'S ESTATE.

### APPEAL.

1. Where notice of the filing of an auditor's report is not required by the rules of the Orphans' Court, it is not a sufficient cause of exception in this court that the report was filed without notice to, or knowledge by the appellant, and while the appellant was confined to her bed by serious sickness.

2. Where it appeared that a minor son of an intestate had worked as an apprentice for his mother, who was administratrix to the estate, and who carried on the business after the death of the intestate, it was *held* that she could not deduct from his share of the balance of the administration account in her hands, payments which she had made to or for him during the time that he had so worked for her, and which did not exceed the reasonable wages of the business.

3. An auditor appointed to distribute among the next of kin the balance in the hands of the administrator, has no jurisdiction of an adversary claim of a creditor of the estate.

4. An administratrix held not to be entitled to charge counsel fees to the fund, where she had made an unjust and vexatious defence to the claim of the next of kin.

THIS was an appeal from a decree of the Orphans' Court for the City and County of Philadelphia, in the matter of the estate of Joseph Gossner, deceased.

The circumstances appeared to be as follows.

Joseph Gossner died intestate in the year 1830, leaving a widow, who administered, and two children, Joseph Gossner and Amanda Gossner; the latter of whom died, in 1833, an infant.

On the 15th of July, 1831, the administratrix settled her account; showing a balance due to the estate of $1795 64.

On the 19th of April, 1839, Joseph Gossner, the son, applied for the appointment of an auditor, which was granted; and the account was referred to an auditor to report distribution only.

VOL. VI.—51

(Gossner's Estate.)

The report of the auditor, which was filed on the 17th of January, 1840, stated that a claim had been made by the administratrix upon the fund, for the maintenance and education of Joseph Gossner, and sums paid to him from time to time during his minority for pocket money. That it appeared by evidence that Joseph Gossner had worked as an apprentice to his mother in the business of a potter, which had been carried on by the intestate, and that he was of opinion that as an apprentice she was bound to provide for him; the expenditure not being more than was suitable for such a condition.

The auditor also reported that a claim was made upon the fund by Dr. Peter Binder, on behalf of his wife, for the sum of $500, for services rendered by her to the intestate; and which it was alleged he had directed to be paid. This claim was disputed by the counsel for Joseph Gossner; and the auditor reported that he had no power under the reference to him to take cognisance of it.

The report also stated that a claim was made upon the fund by the counsel for the administratrix, for compensation for their services, but that he had disallowed it; conceiving that it was a personal charge upon Mrs. Gossner.

The auditor charged her with interest upon the balance in her hands from the 15th of July, 1831, to the 15th of February, 1840; and reported that Joseph Gossner was entitled to two-thirds of the fund.

The report was confirmed *nisi;* and, according to the practice of the court, no exceptions having been filed, it was confirmed absolutely at the April court.

On the 13th of March, 1840, a citation was awarded to the administratrix, to pay over to John Gossner the balance found to be due to him. On the return of this citation, an application was made on the part of the administratrix, to be allowed to file exceptions to the auditor's report, *nunc pro tunc;* which application was founded on an affidavit, in which the administratrix stated that she had no notice or knowledge of the report having been filed; and that she was confined to her bed by serious sickness at the time it was filed; and had no funds in her hands, as administratrix, which John Gossner was entitled to receive. The following exceptions were offered to the auditor's report.

" 1. The auditor, against law and evidence, reported that the exceptant, the mother, was not entitled to receive any remuneration from Joseph Gossner, one of the heirs, either for clothing, boarding, washing, or expense for moneys advanced after he attained the age of twenty-one years.

(Gossner's Estate.)

·2. Because the auditor exercised jurisdiction on an adversary claim against a solvent estate, and reported against the demand of Dr. Binder, by reporting distribution when the claim was outstanding.

3. Because the claim of Mrs. Gossner for one half the estate, was an adversary claim, over which the auditor had no control.

4. Because the counsel fees should be taken from the estate, and not from the share or portion of Mrs. Gossner, the administratrix.

5. Because interest was allowed when no funds were in the hands of the administratrix; and even if·so, no demand was made for the same."

The Orphans' Court denied the application to file these exceptions; whereupon this appeal was taken.

Mr. *Goodman* and Mr. *Meredith* for the appellant, cited *Mylin's Estate*, (7 *Watts*, 65.) *Hise's Estate*, (5 *Watts*, 157.) *Irwin's Appeal*, (5 *Wharton*, 576.) *Harland's Accounts*, (5 *Rawle*, 323, 330.)

Mr. *St. Geo. T. Campbell* contra.

PER CURIAM.—There is no substance in these exceptions. It has not been shown that any rule of the Orphans' Court required notice to be given of the filing of the report. The counsel, or the party, is to look to it; and the appellant's sickness did not make her case an exception. Then as to the maintenance. An auditor's· deductions of fact, are to stand for the truth where there are no evident misconceptions of the evidence ; and we are, therefore, to assume that the appellee rendered the services of an apprentice *de facto* to the appellant, his mother ; and it would be unjust to suffer her, having received the benefit of them, to retract her disbursements for him in that character. Unlike a father, she was not bound to maintain him; but, like a father, she might give him, on the principle of the *United States* v. *Mertz*, (2 *Watts*, 408,) the benefit of his earnings, and pay him wages as a labourer. Her charges, therefore, for maintenance, clothing, schooling, and pocket-money, were properly disallowed. Even did he not stand actually in the relation of a servant, a presumption, unrebutted by the proofs, would arise on the principle of *Cummings* v. *Cummings*, (8 *Watts*, 366,) that her disbursements were intentionally gratuitous; and if it would arise where services had not been performed to the donor, how much more must it do so, where the maintenance has in some measure been merited by occasional contributions of labour. As to the auditor's exercise of jurisdiction over adversary demands, the truth is, that he refused to meddle with them, very properly considering himself an organ appointed to a specific duty which includes not the settlement of demands belonging to the administration. account. For the rest, it is certain that the appellee was not entitled to be allowed counsel fees,

(Gossner's Estate.)

for maintaining an unjust and vexatious defence; and she may think herself fortunate in not being subjected to the costs of the appellee, as she would have been, had the remedy continued to be an action at law. The exception to the allowance of interest has not been seriously pressed; and as it is no better than its associates, it could not have prevailed.

Decree and report of the auditor confirmed.