## Seitz's Appeal.    Zinn's Estate.

1. Where the intention of a testator is that a fund devised to his grandchildren shall not be expended during their minority, an allowance for the maintenance of said children may be decreed out of the interest, but not out of the *corpus* of said legacies.

2. The mere fact that a mother has maintained her own children, raises in law no implied promise to pay; the presumption is that she did it gratuitously, and in the absence of an express or implied promise to pay her for maintaining them she is not entitled to be reimbursed therefor.

May 14th 1878.    Before AGNEW, C. J., MERCUR, GORDON, PAXSON, WOODWARD and TRUNKEY, JJ.    SHARSWOOD, J., absent.

Appeal from the Orphans' Court of *Cumberland county:* Of May Term 1878, No. 188.

Appeal of Benjamin Seitz, testamentary guardian of the minor children of John Q. Zinn, deceased, from the decree of the court directing an allowance to Catharine E. Zinn, widow of said decedent, out of the estate of said minors.

The proceedings were as follows: The widow applied to the Orphans' Court, by a petition, which in substance set forth: That she was the widow of John Q. Zinn, and mother of Clayton F. and Adda C. Zinn; that her husband had left an estate, consisting of a house and lot, which petitioner and her children should possess until another child, Mary E. Zinn, should attain the age of twenty-one years, when it was to be sold and $300 of the proceeds were to be paid to petitioner; that since then the grandfather of said children has died, and they are entitled, under the provisions of his will, to some $1500 or $2000; that, petitioner has supported herself by her own labor and some little property she received from her husband's estate, and that her health has failed. She therefore asked for a rule on the guardian, to show cause why an order should not be granted requiring him to pay petitioner a certain sum of money, for the support and maintenance of said children, and to cover the amount already expended in their behalf.

The guardian filed an answer, wherein, inter alia, he averred that petitioner was mistaken in the amount coming from the estate of George Zinn's estate, as but $1000.27 could be realized therefrom, and $327.48 additional at the death of the widow of said decedent, and that under the will of said George Zinn, said guardian had no right to pay any part of the fund that would come into his hands to petitioner, and prayed that the petition might be dismissed.

An auditor was appointed by the court to ascertain and report what amount, if any, should be paid to petitioner, who reported ·that $792 should be paid her for past maintenance, and $100 per annum for future maintenance.

Upon exceptions filed to this report, the court changed this allowance to $250 for the past maintenance of both minor children, and $50 per annum, each, for future maintenance, and made a decree accordingly.    From this decree the guardian took this appeal.

The material portions of the wills of George Zinn and John Q. Zinn, together with the other facts in this case, will be found in the opinion of this court.

*A. B. Sharpe*, for appellant.—The court had no power to allow any portion of the *corpus* of the legacies, for the maintenance of the children : Seibert's Appeal, 7 Harris 49.   The mother was not entitled to be reimbursed for the past maintenance of the children ; the presumption is that she furnished it gratuitously : Cummings *v.* Cummings, 8 Watts 366 ; Pelly *v.* Rawlins, Peake's Add. Cases 226 ; Duffey *v.* Duffey, 8 Wright 402 ; Ruckman's Appeal, 11 P. F. Smith 251.

*John Hays*, for appellee.

Mr. Justice MERCUR delivered the opinion of the court, October 7th 1878.

This is an appeal by the guardian of the minor children of John Q. Zinn, deceased.   The money sought to be appropriated by this decree was acquired under the will of their grandfather, George Zinn.   It declared: " I direct that one share of my estate that would have been enjoyed by my son, John Q. Zinn, had he been living at the time of my death * * * shall descend to his children living at the time of my death, after final settlement of my estate, and be put at interest, and paid over to them after they arrive at the age of twenty-one years, and if they all die without leaving issue, it shall be equally divided among the rest of my children living at the time of my death."

By virtue of proceedings in partition, the share devised to these grandchildren was converted into money.   The fund realized from both real and personal estate, now in the hands of the appellant,

belonging to the two grandchildren, is $1008.16. On the death of the widow of George Zinn, they will be entitled to receive the further sum of $327.48.

Under the clause of the will cited, we think the grandchildren took an absolute title to the personal property, and an estate tail in the real estate. By the Act of 1855, the latter became an estate in fee: Amelia Smith's Appeal, 11 Harris 9; Rewalt v. Ulrich, Id. 388; Price v. Taylor, 4 Casey 95; Potts's Appeal, 6 Id. 168; Kay v. Scates, 1 Wright 31.

Conceding the estate in question to be vested, and the payment thereof only postponed until the grandchildren shall severally arrive at the age of twenty-one years; yet, the correctness of the decree does not necessarily follow. The 13th section of the Act of 29th March 1832, declares, "whenever any one shall die leaving an infant child or children, without having made an adequate provision for the support and education of such child or children, during their minority, the Orphans' Court may direct a suitable periodical allowance, out of the minor's estate, for the support and education of such minor, according to the circumstances of each case; which order may from time to time be varied by the court, according to the age of the minor and the circumstances of the case:" Purd. Dig. 414, Pamph. L. 46.

The early English cases have not uniformly recognised the same right of allowance to infant grandchildren, as to children, for their maintenance out of the interest on a legacy before the time for the payment thereof had arrived; yet many of them make no distinction when the legacy has been given by one who puts himself *in loco parentis:* Watts v. Bullas, 1 P. Wms. 60; Nichols v. Osburn, 2 Id. 419; Acherly v. Wheeler *et al.*, 1 Id. 783; Corbin v. Wilson, 2 Atk. 178; Newport v. Cook, Id. 332; Norris v. Fisher, Id. 411; Crickett v. Dolby, 3 Ves. Jr. 10. Where the legatee is a minor, incapable of supporting himself, for the purpose of maintaining him, interest must be paid on the legacy, whether it be vested or contingent: Phipps v Annesly, 2 Atk. 58; Incledon v. Northcote, 3 Id. 433. This rule is affirmed in Magoffin v. Patton *et al.*, 4 Rawle 113; Seibert's Appeal, 7 Harris 49; Clark's Executors v. Wallace, 12 Wright 80; Leiby's Appeal, 13 Id. 182. These cases recognise the power to decree that the interest on the legacies shall be applied to the maintenance of the infants; but do not extend to the principal sum. In the case last cited, the question of a right to so appropriate the *corpus* of the fund was expressly reserved. The manifest intention of the testator, in the case at bar, was that the fund devised to these grandchildren should not be expended during their minority. The language used unmistakably withholds its payment until they severally arrive at the age of twenty-one years. The decree made by the court below, would exhaust almost

6 NORRIS—11

[*Seitz's Appeal.*]

the whole fund before that time. The cases cited go no further than to apply the interest before the time designated for the payment of the legacy. We see nothing in the circumstances of the present case to justify going further, or to sanction the premature destruction of the *corpus* of the estate.

This application was not made by the guardian, on whom the law imposes the duty of maintaining his wards, according to their circumstances. He does not ask for leave to be permitted to so apply their estate. The application is to compel him so to do against his will. It is made by their mother, to reimburse her for their past maintenance, as well as for their future support. It is not claimed that she had supported them in pursuance of any agreement with the guardian by which she was to be paid by him. The mere fact that she had maintained her own children, raises, in law, no implied promise to pay. The presumption is that she did it gratuitously: Cummings *v.* Cummings, 8 Watts 366; Duffey *et al. v.* Duffey, 8 Wright 399; Ruckman's Appeal, 11 P. F. Smith 251. She sustained no fiduciary relation to this estate thus devised to her children by their grandfather. It is unlike the case where the mother of the minor children was the executrix of her husband's will, under which she held the property of the children, and expended a portion thereof in maintaining them. In the absence of a guardian there was no injustice in her being allowed therefor.

The provisions in the will of the late husband of the appellee, strengthen the presumption that she maintained them without any expectation of being reimbursed therefor out of the estate left them by their grandfather. Her husband devised to her the possession and use of a house and lot until one of their daughters became of age, provided the appellee remained his widow; but "if she should marry again and occupy the house," then he directed "the rent shall be paid for the use of our children." He further ordered, that, after the daughter became of age, the house and lot should be sold, and the proceeds thereof be divided between the mother and the children. Although not expressly so directed by him, yet it was undoubtedly his expectation that their children would remain with her. She appears to have so understood him, and to have kept them accordingly. In the absence of any express or implied agreement to pay her for maintaining them, she is not entitled to be reimbursed therefor. The evidence does not show any demand for pay prior to the presentation of her petition. Before that time it must be presumed she acted without expectation of any pecuniary reward. The learned judge therefore erred in decreeing any compensation for their past support, and in encroaching on the *corpus* of the fund for their future support. Commencing at the time the petition was presented, the court should decree the payment of a reasonable sum for the support and maintenance of each grand-

[Seitz's Appeal.]

child, not to exceed the interest on the sum that is, or may be, in the hands of the guardian.

> Decree reversed, and it is ordered that the record be remanded, with instructions to decree conformably with this opinion, and that the costs be paid out of the fund in the hands of the guardian.