# Adams, Appellant, *v.* Barrell.

*Ejectment—Contract—Consideration.*

Ejectment will not lie to enforce the performance of a contract which is the consideration of a deed of conveyance.

*Ejectment—Deed—Lien.*

Where a deed conveys the legal title to land absolutely, and not upon any written condition expressed in the deed or elsewhere, an action of ejectment will not lie to enforce the payment of a lien existing upon the land at the time of the conveyance.


Argued Oct. 25, 1904.   Appeal, No. 214, Feb. T., 1903, by plaintiff, from judgment of C. P. Northumberland Co., Dec. T., 1903, No. 172, on verdict for defendants in case of Susan K. Adams and G. C. Adams, Administrators of George A. Adams, deceased v. Annie M. Barrell and Alice Sizer.   Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ.   Affirmed.

Ejectment for land in Shamokin Township.   Before SAVIDGE, P. J.

The facts appear by Barrell v. Adams, supra, and by the opinion of the Superior Court.

The court directed a verdict for defendants.

Verdict and judgment for defendants.   Plaintiff appealed.

*Error assigned* was in giving binding instructions for defendant.

*S. B. Boyer,* for appellants.

*C. C. Lark,* of *Lark & Moser,* with him *D. W. Shipman,* for appellee.

OPINION BY MORRISON, J., December 12, 1904 :

In this action of ejectment the learned court below directed a verdict against the plaintiffs and judgment being entered thereon, they took this appeal.   Their counsel states the question involved thus : " The defendants or appellees purchased a certain tract of land with a number of liens thereon.   Amongst

others George C. Adams had the first. The consideration mentioned in the deed was $5,000. The liens at the time of sale and purchase amounted to $3,800. This sum was deducted from the price agreed to be paid, and the grantees agreed with the vendor to pay the same. This action of ejectment is brought to enforce its payment by special verdict for specific performance."

From the argument in the appellant's paper-book we find that the right of recovery rests upon the averment that the George C. Adams judgment was for purchase money and that the defendants agreed to pay the same.

The facts in this case are substantially the same as in No. 12, October Term, 1904 in which we have filed an opinion affirming the decree of the court below restraining these plaintiffs from selling the land in question on a fi. fa. issued on the George C. Adams judgment. It is unnecessary to repeat our reasons and to restate the authorities cited in that opinion. It is sufficient to say that they apply with full force to the present case. The difficulty with the plaintiff's case is that the George C. Adams judgment was never a purchase money judgment or lien. The deed from Aaron Barrell to the defendants makes no reference to it nor is there any writing in evidence, whatever, pretending to recognize the judgment as a purchase money lien. In addition to this there is not sufficient parol evidence to warrant a jury in finding that the defendants agreed that said judgment was a purchase money lien and that they would pay it. The most that can be found against the defendants, from all of the evidence, is that they knew of this judgment lien upon the land in question and that they expected to have to pay it if it was levied upon the land or its lien continued thereon. We have endeavored to show in the opinion at No. 12, October Term, 1904 that the judgment lost its lien upon the land in question many years before the commencement of this suit because it was not revived against the defendants, terre-tenants, who had promptly placed their deed on record. We held in that opinion that the learned court below was right in restraining the plaintiffs here from levying upon said land to satisfy the Adams judgment. If that conclusion is correct the same facts and authorities, and many other authorities, require us to hold in the present case that the learned

court did nor err in deciding that the Adams judgment was not a purchase money lien and, that, under all of the evidence, the plaintiffs could not recover.

In Myers v. Myers, 25 Pa. 100, it is said : "If George W. Myers failed to perform his agreement, an action may be brought upon it for damages ; but the party who delivers a deed, without taking a mortgage or otherwise receiving a lien for the purchase money, by written evidence of it, cannot enforce the performance of the contract by ejectment." See Megargel v. Saul, 3 Wharton, 19 ; Heacock v. Fly, 14 Pa. 540. Ejectment will not lie to enforce the performance of a contract which is the consideration of a deed of conveyance : Krebs v. Stroub, 116 Pa. 405. But it is useless to cumber this opinion with further authorities. Aaron Barrell conveyed the legal title to the land in question to the defendants, absolutely, and not upon any written condition expressed in the deed or elsewhere, and therefore an action of ejectment will not lie to enforce the payment of a lien existing upon the land at the time of the conveyance.

We think the rulings of the learned judge at the trial, and his charge to the jury, furnish ample reason for his instruction that the verdict must be for the defendants, and in entering judgment thereon there is no error.

The assignments of error are all dismissed and the judgment is affirmed.