366

## Cirucci, Administratrix, v. Brasili

*Mahady & Mahady*, for plaintiff.
*John Lightcap*, for defendant.

BAUER, J., January 22, 1951.—This case came on before the court on the regular argument list on preliminary objections to the complaint in assumpsit filed by the administratrix of the Estate of Maria Brasili, in which proceeding Joseph Brasili is defendant.

The bill of complaint sets forth that Joseph Brasili, defendant, was the former husband of Maria Brasili, and that Joseph Brasili was granted an absolute divorce in the Court of Common Pleas of Westmoreland County, on February 14, 1939, at February term, 1939, no. 134, that Maria Brasili died intestate on January 28, 1950, and letters of administration were granted in the Orphans' Court of Westmoreland County on February 10, 1950, to Christine Cirucci, who instituted this action as administratrix of the estate of Maria Brasili, deceased; that at the time of the divorce the Brasilis had a son, Nicholas, then of the age of 14 years; that after the divorce the son, Nicholas, continued to reside with his mother, decedent, until his induction into the armed services on April 30, 1943; that following his discharge from the armed services on July 29, 1943,

he resumed his residence with his mother, with whom he continued to reside until the date of her death; that following his attaining his majority he was physically afflicted and unable to work until April 1950.

Although the bill of complaint alleges that defendant failed to support, maintain and keep Nicholas Brasili from the date of the divorce until July 29, 1943, it is not alleged who supported the minor child during that period. It further alleges that from July 29, 1943, until the date of her death, his mother furnished support except during the period the minor child was in the armed services.

There is no allegation that defendant failed to offer support, nor any allegation to the effect that decedent had requested support for the minor child at any time during the period from the date of the divorce in 1939 until the date of her death in 1950. There is no allegation that defendant had deserted his family or resided anywhere except in the Borough of Latrobe, being also the place of residence of decedent during this whole period.

The decree in the divorce proceedings at February term, 1939, no. 134, brought by Joseph Brasili against Marie Brasili, now deceased, was granted on grounds of cruel and barbarous treatment and indignities to the person; this divorce was not contested although decedent, Marie Brasili, was served personally.

This divorce proceeding further showed that Joseph Brasili, while he lived with his wife, turned over his full pay to her, and that she had acquired real estate from which she was receiving rent. The divorce proceeding further showed that decedent had been married before, and had two children by her former marriage.

Under the above brief summary of the facts as set forth in the bill of complaint and the divorce proceedings, we are unable to see how plaintiff in this case is

entitled to recover. It is undoubtedly true that if the deceased, Marie Brasili, had brought an action in her lifetime she could have maintained it in the court of common pleas or the court of equity, or could have brought proceedings in the court of quarter sessions for support. However, under the facts as set forth in the bill of complaint, and reference made to the divorce proceeding, she could not have recovered for herself in such a proceeding, and it is also questionable whether she could have recovered for the support of her child, inasmuch as she retained the child in her custody and was receiving rents from property that had been purchased with defendant's money.

There is a legal obligation that rests upon a father to support his child, which is not impaired by a decree of divorce, and if he fails to do so, the mother of the child may maintain an original action for necessaries furnished after the divorce decree, provided she brings herself within the law as set forth by our higher courts and fully complies with the acts of assembly. It is also a well established proposition of law that the administrator or administratrix could bring an action for money expended by the child's mother for necessaries, if it is alleged that the money is to be used for the benefit of creditors and it is shown that the creditors have a valid claim for such restitution on the part of the father. However, that is not what is involved in the present case nor is it set forth that that is the situation.

It is also true as a matter of law that had the wife sought support through the court of quarter sessions during her lifetime, and the father of the child had failed to keep up his payments, the administratrix could maintain an action for the recovery of the back payments, but in the case before us there was no such action on the part of the divorced wife during her life, nor was there any demand made upon the father, nor has it been alleged that defendant, being the father of this child,

deserted the child and mother, or is guilty of any fraud.

It must be assumed that from all the facts set forth in the bill of complaint that Maria Brasili, now deceased, supported her minor child without any expectation of remuneration, because not only did she make no demand or start any proceedings during her lifetime, but let the matter stand as it was for approximately 11 years without making any move to enforce any rights which she might have had under the law.

"The mere fact that a mother has maintained her own children, raises in law no implied promise to pay; the presumption is that she did it gratuitously, and in the absence of an express or implied promise to pay her for maintaining them she is not entitled to be reimbursed therefor": Seitz' Appeal. Zinn's Estate, 87 Pa. 159 (syllabus).

We also find the following notation in 121 A. L. R. 195:

"It has been held that there is a prima facie presumption that a parent, furnishing support to a child, without applying for an allowance therefor, does so as a gift and without expectation of reimbursement."

"So also arrears of alimony unpaid at the death of the wife, cannot be collected by her administrator. Yet the rule changes if the husband had evaded payment and thereby compelled the wife to contract debts, and there the administrator may recover the arrears for the benefit of the creditors": Yerger, Admx., v. Guldin et al., 49 Lanc. 21 at 24.

"A mother's maintenance of her children raises no implied obligation of repayment of moneys expended. The presumption of law is, that the maintenance was furnished voluntarily and as a gift": Paine Estate, 9 Luz. 297 (syllabus).

"The law raises no implied promise to pay, from the mere fact of a mother's maintenance of her child, the presumption is, that she furnished it gratuitously, with-

out regard to the means of either": Cummings v. Cummings, 8 Watts 366 (syllabus). It is well to note that the above case was brought by the administrators of the deceased mother on an action in assumpsit in a quantum meruit. See also Duffey et al. v. Duffey, 44 Pa. 399; Rocap's Estate, 26 Dist. R. 206.

"A mother, who has deserted her husband, retaining her child in her own custody, cannot, after a divorce obtained by the husband on the ground of such desertion, maintain an action against him for the support and maintenance of the child": Fitler v. Fitler, 33 Pa. 50 (syllabus). It is also well to bear in mind that under Act of June 26, 1895, P. L. 316, the mother was given the same power and control over the minor children as the father, and the mother is entitled to whatever wages they earn, thus putting her on an equal footing with the father: See also Schleiden v. Schleiden, 72 Pitts. L. J., 637; Tilli's Estate, 41 Pa. C. C. 93; Yetter v. Yetter, 45 Pa. Superior Ct. 332.

"Arrears of alimony cannot be collected by the administrator of the wife; aliter if the husband has evaded the payment, and compelled the wife to contract debts; the administrator may recover for benefit of creditors.

"A wife, who has commenced proceedings for maintenance, may be viewed as a quasi creditor as to alimony": Bouslough v. Bouslough, 68 Pa. 495.

It is apparent from all the pleadings that plaintiff cannot maintain this action at law.

And now, to wit, January 22, 1951, after argument and after due and careful consideration, it is ordered, adjudged and decreed that defendant's preliminary objections to the complaint be and they hereby are sustained, and that judgment be and the same hereby is entered for Joseph Brasili, defendant; an exception is noted and a bill sealed.