The opinion of the court was delivered by
Tirghman, C. J.
The plaintiff in error, entered judgment against the defendant, by virtue of a warrant of attorney, on his bond, in the penalty of 12452 dollars and 42 cents, conditioned for the payment of 6226 dollars and 21 cents with interest. The Court of Common Pleas of Union county, on the application of the creditors of the defendant, permitted the judgment to be opened, for the purpose of trying, whether the bond was not given, in a contrivance between the plaintiff and defendant, to defraud the creditors. Six errors have been assigned. The 1st is, that the creditors ought to have been made parties to the suit. There is nothing in this. The Court of Common Pleas, might, in their discretion, have ordered the question of fraud, to be tried in a feigned issue; and perhaps that would have been the most convenient way. But they were not obliged to do this. They took the course which hás been very commonly pursued, of going to trial with the original parties, and no other, on the record. The 2d, 3d, 4th, and 5th errors turn pretty much on the same principle. The court admitted evidence, on the part of the defendant, of declarations made by the defendant, respecting the debts which he owed the plaintiff. The 2d error, indeed, is something different from the others, for the declaration of the defendant there, was no other than an opinion delivered by him; in the course of conversation, on a point of morality, viz. Ci that if a man could not make both ends meet,-he ought to secure something for his family.” A declaration of this kind was a symptom of incorrect principles, but surely had no relation to the issue on trial. Even if it proved the defendant to be a knave, *329 the plaintiff could not be affected by it.' The 3d, 4th, and 5th errors, were declarations concerning the amount of the debt due from the defendant; and if admitted, would have shown, that the bond was taken for more than the real debt. But these declarations were made in the absence of the plaintiff, nor was it pretended to be shown that he assented to them. It would be most unjust, therefore, that they should be received as evidence against him. This very point was decided by us in the case of Wolf v. Carothers, 3 Serg. & Rawle, 240.
The ,6th error, is an exception tó the charge of the court, which was, “that if the bond was taken for'more than the real debt, with an intent to defraud the creditors of the obligor, the whole bond was void, as to the creditors.” The counsel for the plaintiff in error have not insisted on this point, and indeed they ought not. By the statute of Elisabeth, where the intent is to defraud creditors, the instrument by which the fraud is to be effected, is void. It is the opinion of the court, that the judgment should he reversed, and a venire de novo awarded.
Judgment reversed, and a venire facias de novo awarded.