1w303
151  100

## Sommer *against* Sommer.

When a judgment has been opened at the instance of creditors, upon an allegation that it was fraudulent as against them, the defendant in such judgment is a competent witness for the creditors to establish the fraud.

ERROR to the district court of *Lancaster* county.   *Bradford*, President.

*Jacob Sommer* executed a judgment bond to his father, *Leonard Sommer*, for 2088 dollars and 38 cents, which was entered of record.

The creditors of *Jacob Sommer* alleged, that this judgment was fraudulent as against them, and at their instance it was opened so as to let them into a defence.   Upon the trial of the cause, the creditors offered *Jacob Sommer* as a witness to establish the fraud: he was objected to, on the ground that he was not competent; but the court overruled the objection; which was the subject of the only error assigned.

*Reigart* and *Ellmaker*, for plaintiff in error.

A defendant, in a judgment, should not be permitted to give evidence to invalidate the bond on which the judgment was rendered. In *Wolf* v. *Carothers*, 3 *Serg.* & *Rawle* 240, it is decided that the declarations of an obligor can not be received to invalidate his own bond; and the same principle is recognized in *Whiting* v. *Johnston*, 11 *Serg.* & *Rawle* 328.   The lips of the plaintiff were sealed, while the defendant was permitted to swear away his debt, or what was the same thing in this case, to take from him the only thing which made his judgment of any value—a preference over other creditors. In the case of *Jacoby* v. *Laussatt*, 6 *Serg.* & *Rawle* 300, the interest of the witness was equally balanced between the plaintiff and defendant: not so in this case, for his interest was to destroy his father's judgment, that his other creditors might be paid, and he be thus relieved from them.   It does not comport with the policy of the law

[Sommer v. Sommer.]

to permit an insolvent to postpone securities which he had previously given.

*Montgomery* and *Norris*, for defendant in error.

The issue in this case was not to create or destroy a liability as between the plaintiff and defendant in the judgment; for whether. fraudulent or not as to creditors, as between the parties to it the judgment was good, and so remained.   5 *Binn.* 76, 109.   The assignor of a bond is a competent witness to prove that it was fraudulently given to him; *Baring* v. *Shippen*, 2 *Binn.* 154, where the principle is strongly stated, that if a witness be disinterested in the event of the suit, he may testify to what would elsewhere affect his interest.   The rule that a man can not invalidate his own deed, is confined to negotiable instruments.   *M'Pherran* v. *Powers*, 1 *Serg. & Rawle* 102 ; 4 *Serg. & Rawle* 494 ;   *Bank* v. *Hillard*, 5 *Cowan* 153.   The case of *Walton* v. *Shelly*, has been overruled in England, and never recognized here.   *Per Gibson*, C. J., 4 *Serg. & Rawle* 497.

PER CURIAM.—Had the court awarded a collateral issue, formally, to try the question between the obligee and the other creditors, it is clear the obligor would have been a competent witness.   For though it might be inferred, from an intimation in *Wolf* v. *Carothers* of his being a witness to sustain the bond because his evidence tends ·to decrease the fund, that his evidence tends to increase the fund where he is called to disprove the debt; yet it will be found that that consequence does not follow, and that either way he has no interest in the event, whether immediate or remote, certain or contingent.· By sustaining the bond, it is admitted that he gains nothing, as the obligee is then to be paid with the rest; and by defeating it it is equally clear that he gains nothing, because, as against all but creditors, the obligee is still to be paid, the judgment standing· good against the obligor and claiming under him, and ready to intercept his effects on their passage to his hands after the other creditors are done with them.   In all such cases, the controversy is between the creditors exclusively ; for be the judgment fair or foul, it must be satisfied out of the mass of the debtor's effects, or out of his resulting interest, if any thing remains after satisfaction of the other creditors.   What then is the difference, in this respect, between a collateral issue and that which was tried here ?   The judgment was opened so far as to let the creditors into a defence on the merits, in order to show that the bond and warrant was without consideration, and given to delay, hinder and defraud creditors ; consequently, for every other purpose it stood good, and especially against the defendant, as regards whom, execution might have issued on it without having it closed, or any other preparatory step being taken, the moment the question of priority was settled among the creditors.   This method of trying the question of fraud, by opening the judgment so far as to give the party intended to be defrauded an opportunity of showing the ex-

[Sommer v. Sommer.]

istence of collusion, is a very common one, and though less technical, it is quite as convenient as a collateral issue, requiring less nicety in the pleading, and serving equally well to inform the conscience of the court in directing the process of execution. It was recognized in *Whiting* v. *Johnson,* 11 *Serg. & Rawle* 328, as being equivalent in all respects to a feigned issue. The consequence is, that the obligor was not a party; and that standing free from interest in every respect, he was a competent witness.

Judgment affirmed.