Renschler *v.* Pizano (Automobile Underwriters, Inc., Appellant).

Argued January 26, 1938. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*Thomas D. Caldwell,* with him *A. A. Vosburg, A. Floyd Vosburg,* of *Vosburg & Vosburg,* for appellant.

*R. L. Levy,* with him *Frank T. Butler,* for appellee.

OPINION BY MR. JUSTICE SCHAFFER, March 21, 1938:

There is here presented a quest for a remedy against a wrong which cannot be disputed, if the allegations of appellant are true. It is garnishee in an attachment proceeding, and seeks to establish that the judgment on which the attachment was issued had been improperly obtained. It claims an application to open the judgment is the only available and adequate remedy afforded, and accordingly filed a petition to bring about this result. On the other hand, appellee, plaintiff in the judgment, asserts that his garnishee antagonist has a complete and adequate remedy in the attachment proceeding, by therein raising the questions of the validity of the judgment. Thus the issue is made. The court below decided that the remedy is through the attachment.

Plaintiff sued defendant to recover damages for personal injuries received while he was riding in a truck belonging to defendant, due to its negligent operation by defendant's servant. The jury rendered a verdict for plaintiff in the sum of $5,000, upon which judgment was entered. Thereupon plaintiff issued an attachment execution, summoning appellant as garnishee, because it had insured defendant against liability for damages suffered by third persons, caused by the negligent operation of the truck: *West v. MacMillan,* 301 Pa. 344, 152 A. 104.

Upon being served with the attachment execution, appellant presented its petition to the court below, alleging that, after it received notice of the suit brought by plaintiff against defendant and a copy of the statement of claim, it advised defendant that the policy issued to him did not cover his liability to plaintiff, because the

statement of claim set forth that plaintiff was his employee and the liability of defendant, if any, was for the payment of workmen's compensation to plaintiff, which liability was expressly excepted from the policy. Appellant took no part in defense of the action.

The petition avers that defendant did nothing in his own behalf in defense of the suit, but collusively and fraudulently conspired with plaintiff to have a judgment entered against him and to this end permitted an amendment to be made to the statement of claim, after the verdict was rendered, without notice to appellant, in which the allegation of an employee's status by plaintiff was changed to an averment that plaintiff was riding in the truck as a guest with the knowledge and consent of defendant, which amendment changed the cause of action after the statute of limitations had run, and gave the court jurisdiction of the subject matter of the suit, which it did not theretofore have as the claim as originally made was one for workmen's compensation. It was further alleged that the amendment amounted to a fraud on the court, because, in receiving permission to make it, disclosure was not proffered to the court of the effect of the amendment. No testimony given at the trial appears in the record and we learned from counsel at bar that none was stenographically or otherwise recorded, a practice not commended. Plaintiff filed an answer to the petition, in which its material averments were denied.

The court disposed of the matter, on petition and answer, by refusing to open the judgment, in effect holding that the garnishee has a complete and adequate remedy in the attachment proceeding, in which it can present all defenses to payment of the judgment which it may desire to set up. In reaching its conclusion the court relied upon *Collins v. O'Donnell*, 325 Pa. 366, 191 A. 22, in which we said (p. 367) : "The garnishee may resist the attachment by showing a defense available against the judgment debtor. . . . Such defenses may

be set forth in the garnishee's answers to the interrogatories. If denial of liability is based on facts alleged, plaintiff may rule the garnishee to plead to issue and go to trial."

Our understanding is that garnishee does not object to working out its rights in the attachment proceeding, provided it can there present its defenses, and is not in any manner precluded or prevented from doing so by the judgment against defendant. Under the circumstances set forth in its petition, we are of opinion that the judgment does not preclude the defenses set up, and that they are just as available to the garnishee in the attachment proceedings as they would be if the judgment was opened. The presentation of the defense to the attachment is the more logical and orderly course.

When we said in the *Collins* case, "The garnishee may resist the attachment by showing a defense available against the judgment debtor," we did not mean to deny the right to such a defense as is here brought to light, nor mean to say that no defense could be made to the plaintiff's claim of reimbursement from a garnishee because he had a judgment against the defendant, where that judgment was obtained by collusion and fraud; indeed, in that case, one of the averments of the garnishee's answer was fraud and collusion between the plaintiff and defendant. We further observed that attachment execution "in effect is a suit by the judgment debtor to the use of the attaching creditor."

Appellant, in support of its position that the judgment should be opened (which it would seem is assumed from an abundance of caution lest its defenses be barred), calls to our attention the statement in 7 Standard Pennsylvania Practice 37: "The general rule is that one who is not a party to the record has no standing to apply for the opening of a judgment in personam entered against another person as defendant. There are cases, however, in which a judgment may be opened at the instance of a stranger to the record, whose interests are adversely

affected by the existence or enforcement of the judgment, in order to permit such person to intervene as a party defendant. This is particularly true where the judgment is entered for the purpose of defrauding such third person by depriving him of rights to which he is entitled." We think this is not authority for the position that opening the judgment is the only remedy available to a garnishee whose rights are to be affected by a fraudulent judgment.

It is true, as pointed out by appellant, certain early Pennsylvania cases permitted a third person, not a party of record, to move to open a judgment and intervene as a party if the rendition of the judgment adversely affected his rights. "This method of trying the question of fraud, by opening the judgment so far as to give the party intended to be defrauded an opportunity of showing the existence of collusion, is a very common one, and though less technical, it is quite as convenient as a collateral issue, requiring less nicety in the pleading and serving equally well to inform the conscience of the court": *Sommer v. Sommer,* 1 Watts 303, 304. "Having no court of chancery in which to obtain an injunction, we attain the result by opening the judgment, and letting the party into a defense, or permitting creditors to interplead; and whatever may be done on the application of the party, may be on application of a *bona fide* creditor; this practice is of long standing": *Campbell v. Kent,* 3 Penr. & W. 72, 76. To the same effect are *Whiting v. Johnson,* 11 S. & R. 328; *Shulze's Appeal,* 1 Pa. 251; *Lewis v. Rogers,* 16 Pa. 18; *Clark v. Douglass,* 62 Pa. 408. In *Brown v. Simpson,* 2 Watts 233, a terre-tenant affected by the judgment was permitted to intervene. This procedure was characterized by Chief Justice GIBSON in *Shulze's Appeal,* supra, as "one of the miserable shifts to which we are driven for want of the powers of a court of chancery." As pointed out by him in *Gates v. Johnston,* 3 Pa. 52, 55, this procedure is "old, clumsy, unprofessional and barbarous"

and unless there is some compelling reason for resort to it, the third party should be compelled to litigate his right in a collateral issue.

Generally speaking, a judgment recovered against an insured by an injured party is conclusive on the issues there determined in a subsequent proceeding by the injured party or by the insured against the insurance carrier for indemnity, providing the carrier had notice of the suit and an opportunity to defend: *Keystone Lumber Co. v. Security Mutual Cas. Co.*, 103 Pa. Super. Ct. 154, 158 A. 314; *Lamb v. Belt Casualty Co.*, 3 Cal. App. (2) 624, 40 P. (2) 311; *Ætna Life Ins. Co. v. Maxwell*, 89 Fed. (2) 988; *Lawrason v. Owners' Auto Ins. Co.*, 172 La. 1075, 136 S. 57. This is merely a specific application of the rule that a judgment against an indemnitee is conclusive in an action against the indemnitor where the indemnitor has knowledge of the suit and an opportunity to defend: *Phila. v. Bergdoll*, 252 Pa. 545, 97 A. 736; *Orth v. Consumers Gas Co.*, 280 Pa. 118, 124 A. 296; *Phila. v. Reading Co.*, 295 Pa. 183, 145 A. 65; *Chester v. Schaffer*, 24 Pa. Super. Ct. 162.

Where, however, the indemnitor has no knowledge of the proceedings, the judgment is not conclusive and the indemnitor may interpose his defenses if called upon to make good his promise of indemnity. As stated by Chief Justice MOSCHZISKER in *Orth v. Consumers Gas Co.*, supra, at page 121: "If one entitled to indemnity intends to use as evidence, in a future action to enforce his right, the judgment which may be rendered against him in a pending suit for damages, and thus to prove his loss, he must give the person to whom he looks for recompense reasonably 'definite, certain and direct' notice of the pending suit, so the latter may defend it, or join in the defense, should he see fit so to do. . . . If notice of that character is not given, then, in a subsequent proceeding to obtain indemnity, the plaintiff must establish his claims for damages without reference to the amount of the judgment in the prior action against

him, . . . in other words, under such circumstances the plaintiff in the second suit is not barred from recovery, but there is placed on him the burden of justifying his payment of damages to the person who sued him, by offering against the defendant in the second suit practically the same evidence as was relied on to establish the case against him, the plaintiff, when he was defending the first suit." See also *Phila. v. Reading Co.*, supra.

In the instant case, the insurance company had notice of the suit. This notice, however, was not complete and definite and showed no liability upon it. It was never notified that plaintiff had amended his statement of claim to allege that he was a passenger in defendant's truck rather than an employee. Under such circumstances the indemnitor did not have "definite, certain and direct" notice and is not precluded by the judgment against its insured. The very purpose of the rule requiring notice of the suit to be given to the indemnitor is to inform him of his ultimate liability and assure to him the opportunity to defend. Under the notice given no necessity appeared to defend, as the allegations of the statement of claim clearly indicated no liability on appellant's part. It was not until the statement was amended that the facts came within the purview of the policy.

Furthermore, the defense of fraud is always available to the indemnitor, the judgment against the indemnitee being conclusive only in the absence of fraud. See *Orth v. Consumers Gas Co.*, supra; *Wright v. City of Scranton*, 128 Pa. Super. Ct. 185, 194 A. 10.

In the attachment proceeding appellant garnishee will be afforded the same opportunity to present its defense as it would have if the judgment was opened.

Order affirmed; costs to abide the result.