## Hoar v. Gray et al.

*Samuel L. Borton*, for plaintiff.
*Elmer C. Pfeiffer*, for garnishee.

DANNEHOWER, J., November 8, 1943. — Plaintiff, Roy C. Hoar, sued Jack Gray and Anna Gray in trespass to recover damages for personal injuries sustained while he was riding as a passenger in a coal truck belonging to defendants due to its negligent operation by defendants' servant William Sowers. The jury rendered a verdict for plaintiff in the sum of $10,-000 upon which judgment was entered. Thereupon, plaintiff issued an attachment execution, summoning the Manhattan Mutual Automobile Casualty Company, Inc., as garnishee, because it had insured defendants against liability for damages suffered by third persons caused by the negligent operation of the truck.

Interrogatories and answers thereto have been filed. Thereupon plaintiff has entered a rule for judgment against the garnishee for want of sufficient answers to the interrogatories. This rule, after argument before the court, is pending for decision.

In its answers to the interrogatories, the insurance carrier garnishee admits that it refused to defend the suit and denies liability, because its investigation disclosed that plaintiff was an employe of Jack Gray, engaged in his business at the time of the accident, which liability was expressly excepted from the policy, and also because plaintiff, if he was a passenger on such commercial vehicle, was excluded from the benefits of the policy under the terms thereof.

The policy provides under the heading "Exclusions":
"This policy does not apply: . . .

"(e) to bodily injury to or death of any employe of the insured while engaged in the business of the insured, other than domestic employment, or in the

operation, maintenance or repair of the automobile; or to any obligation for which the insured may be held liable under any workman's compensation law;"

Attached to the policy is an endorsement which provides as follows:

· "Exclusion on Commercial and Public Automobiles.

"In consideration of the reduced premium at which this policy is issued, it is expressly understood and agreed that any and all conditions of the policy terms, or any endorsement attached thereto, to the contrary notwithstanding, that this policy does not cover damages including damages for care and loss of services because of bodily injury, including death at any time resulting therefrom sustained by any person while in or upon, entering or alighting from, the insured automobile, irrespective of whether such person is carried as a passenger for a monetary consideration or as a guest without any implied charge."

As is required by law, the policy also bore an endorsement to comply with the Public Utility Law and rules and regulations of the Pennsylvania Public Utility Commission. This endorsement provides:

"In consideration of the premium stated in the policy to which this endorsement is attached, the Company hereby agrees to pay any final judgment recovered against the insured for bodily injury to or the death of any person or loss of or damage to property of others (excluding injury to or death of the insured's employes while engaged in the course of their employment and loss of or damage to property of the insured, and property transported by the insured, designated as cargo) resulting from the negligent operation, maintenance, or use of motor vehicles under certificate of public convenience or permit issued to the insured by the Pennsylvania Public Utility Commission, or otherwise under the Public Utility Law, effective June 1, 1937, within the limits of liability hereinafter provided.

"Nothing contained in the policy or any other endorsement thereon nor the violation of any of the provisions of the policy or of any endorsement thereon by the insured, shall relieve the Company from liability hereunder or from the payment of any such final judgment."

Therefore, under the terms of the policy and the answers filed, plaintiff contends that he is entitled to summary judgment, because the insurance carrier garnishee admits that it had notice of the suit and an opportunity to defend, that the judgment is final and conclusive on the issues there determined, and the defense that plaintiff was an employe cannot be set up; and, furthermore, that the garnishee cannot interpose the assured's alleged violation of the policy, in carrying plaintiff as a passenger, because it is contrary to the public utility endorsement on said policy.

With the first contention we cannot agree. In the first place, the answers to the interrogatories show that the driver of defendant's truck, William Sowers, in his original accident report made several days following the accident, described plaintiff as "a helper on my truck", and assured's accident report states "William Sowers and Roy Hoar are regularly employed by me as driver and helper". It is clear from the provisions of the policy that if plaintiff were an employe of the assured he was excluded by the terms of the policy itself and also the Public Utility Law endorsement. It would be a case of workmen's compensation. If the garnishee entered an appearance and had attempted to defend the case on the ground that plaintiff was an employe it would have waived any rights it might have had to deny liability upon its policy: Malley v. American Indemnity Co., 297 Pa. 216. In its answer to the interrogatories, the insurance carrier has had its first chance of presenting its defense without jeopardizing its rights.

It must be observed that an attachment execution is in effect a suit by the judgment debtor (Gray) to the use of the attaching creditor (Hoar). In reaching its conclusion in Collins v. O'Donnell et al., 325 Pa. 366, the Supreme Court said (p. 367):

"The garnishee may resist the attachment by showing a defense available against the judgment debtor. . . . Such defenses may be set forth in the garnishee's answers to the interrogatories. . . . But where a defense on the merits is averred in the answers, judgment on the answers cannot be sustained . . . and may be entered only in clear cases."

In the instant case, plaintiff, alleging he was a guest passenger on a truck, although the operator and the owner filed accident reports with the insurance carrier that he was an employe, in a practically uncontested case, secured a verdict in the sum of $10,000. Although notified, the insurance carrier refused to defend the suit, and has filed answers to the interrogatories in the attachment execution proceedings denying its liability, because its investigation showed and the assured stated that plaintiff was an employe and therefore excluded under the terms of the insurance policy. We believe the answers raise an issue of fact and that the garnishee under these circumstances should be given an opportunity to defend, just as was decided in Renschler v. Pizano et al., 329 Pa. 249, although there the defense was fraudulent collusion.

Since summary judgment is refused on the first reason advanced, we feel it unnecessary at this time to rule on the second ground alleged.

And now, November 8, 1943, for the foregoing reasons, plaintiff's rule for judgment for want of sufficient answers to interrogatories is hereby discharged. Plaintiff should file a replication or rejoinder to said answers, whereupon counsel should frame an issue or issues for trial to be approved by the court.