## Commonwealth ex rel. Woodside v. Seaboard Mutual Casualty Co.

*Charles V. Walsh* and *John T. Curtin*, for accountant.

*Jerome L. Markovitz, Wesley E. Forte* and *Moses K. Rosenberg*, for exceptants.

NEELY, P. J., June 13, 1961.—The Seaboard Mutual Casualty Company did business under the mutual plan and wrote several kinds of casualty insurance. It was placed in liquidation by an order of this court dated December 20, 1951, and the Insurance Commissioner of this Commonwealth was appointed statutory liquidator. The policies which it issued, except for health and accident coverage, were assessable and contained a provision for contingent liability not to exceed one periodic annual premium payment. Upon petition of the statutory liquidator, this court, by order dated May 11, 1953, ordered an assessment of policyholders.

The statutory liquidator has filed his first account, and there are now nine exceptions before us because nine claims arising under policies issued in the State of Maryland were recommended for disallowance by the liquidator. A hearing was held on April 18, 1961, for the purpose of passing upon the statutory liquidator's first account. The matters pertaining to these nine exceptions were heard at that time.

It was stipulated in the record at the hearing that the Maryland law contains the following statutory provision:

"No action or court proceeding shall be brought against a member or policyholder of a domestic or foreign mutual insurance company, for the purpose of enforcing an assessment, more than one year after the termination of such policy unless the member or policyholder sought to be charged shall have been noti-

fied of such assessment within one year after the termination of his policy." (Annotated Code 48A, §244.)

Because of this provision, no effort was made by the liquidator to collect from the Maryland policyholders the assessment which this court ordered on May 11, 1953.

The claims of the nine exceptants were based upon damages sustained in automobile accidents. Eight of the claims were for bodily injuries and one was for property damage. The nine exceptions to the disallowance of the so-called Maryland claims have been identified in the record as follows:

Exhibit No.

| | Accident Date | Evaluated Amount | Type of Claim |
|---|---|---|---|
| A | Nov. 1950 | $3,800.00 | Bodily injury |
| B | Feb. 1, 1948 | 3,125.00 | Bodily injury |
| C | Feb. 2, 1950 | 4,500.00 | Bodily injury |
| D | Jan. 15, 1951 | 2,562.71 | Property damage |
| E | Nov. 3, 1950 | 500.00 | Bodily injury |
| F | Nov. 3, 1950 | 4,000.00 | Bodily injury |
| G | Nov. 3, 1950 | 800.00 | Bodily injury |
| I | Jan. 13, 1950 | 5,000.00 | Bodily injury |
| J | Feb. 2, 1950 | 3,000.00 | Bodily injury |

The exceptants are third-party claimants who had no contractual relationship with Seaboard in any manner. They would have had the right upon reducing their claims to judgment in Pennsylvania to proceed by attachment execution against Seaboard as garnishee: Marshall v. Szmej and Hartford Accident and Indemnity Company, 60 Dauph. 524 (1950) ; Conrad v. Duffin, 158 Pa. Superior Ct. 305 (1945) ; Collins v. O'Donnell, 325 Pa. 366 (1937) ; Renschler v. Pizano, 329 Pa. 249 (1938).

Although the so-called Maryland claims have been disallowed, they were nevertheless evaluated by the statutory liquidator. In connection with the evalu-

ation of these Maryland claims, all persons, including exceptants, who had obtained judgments against Maryland policyholders in litigation, or who had suits pending, were required by the statutory liquidator to satisfy the record in these suits. In so doing, claimants in these suits were necessarily looking to the funds in the hands of the liquidator for payment of their claims. It seems to us that the statutory liquidator's requirement that these parties discontinue their suits and satisfy these judgments against Maryland policyholders amounted to an agreement on the part of the liquidator that claimants could look to the assets in Seaboard's estate.

The statutory liquidator maintains that it would be inequitable to permit the Maryland claimants to assert their claims when the liquidator was unable to enforce the assessment against Maryland policyholders after the statute of limitations had run. This contention overlooks other important equities which enure to these claimants by virtue of the fact that they were induced to surrender their right of action and recovery against the policyholders.

We think, however, these Maryland claims are soundly based in law. In Commonwealth ex rel. v. Union Casualty Ins. Co. (No. 1), 287 Pa. 6, 10 (1926), in speaking of the duties of the Insurance Commissioner in an insolvent estate, the Supreme Court said: "While he is a gatherer of assets, he is also in effect an auditor."

This so-called evaluation of claims by the Insurance Commissioner, in our judgment, amounted to an adjudication of the amount due, just as an auditor would have power to adjudicate disputed claims; and the liquidator, having adjudicated these various claims, would not now be in a position, in our judgment, to deny their validity. This adjudication did not here

amount to a contingent evaluation. On the contrary, we believe it amounted to a legal determination of the amount due from the estate.

It has been held by our Supreme Court in Commonwealth ex rel. Attorney General v. American Life Ins. Co., 162 Pa. 586 (1894), that the value of a life insurance policy was fixed at the time the insurance company went into dissolution, and this court in Commonwealth ex rel. McCormick v. State Insurance Company, 4 Dauph. 104 (1901), held that the rights of the holders of fire insurance policies are determined as of the date of dissolution. It is the general rule that insolvency fixes the relative rights of all parties concerned: Swearingen v. Sewickley Dairy Company, 198 Pa. 68 (1901).

These exceptants were creditors when the order of liquidation was signed. In our judgment, their right to share in the distribution of the assets was fixed at that time. And we believe that their right to share in the assets should not be disturbed because of anything that transpired with respect to collecting the assessment from the Maryland policyholders.

In Commonwealth ex rel. Chidsey v. Urban Mutual Fire Ins. Co., 61 Dauph. 31 (1950), we held, inter alia, that the assets of an insolvent insurance company could not be diminished by claims for unearned premiums which accrued subsequent to the date of dissolution. By the same token, we believe in this case that the assets available for distribution should not be increased after dissolution for the benefit of some creditors at the expense of others. Our conclusion in this respect, we believe, is supported by the opinion of the Supreme Court in Commonwealth ex rel. Schnader, Attorney General, v. Consolidated Indemnity and Insurance Company, 362 Pa. 561 (1949), affirming this court in holding that Pennsylvania creditors of an insolvent

insurance estate could not receive distribution of funds in the hands of an ancillary receiver here to the exclusion of all other creditors. In principle, what the statutory liquidator seeks to do is to have Maryland creditors excluded from sharing in the funds in his possession. In the case last cited, the Supreme Court, in principle, held that this should not be done.

For the foregoing reasons, it is our opinion that the action of the statutory liquidator in disallowing these so-called Maryland claims covered by the nine exceptions which we now have before us was incorrect, and, accordingly, we herewith enter the following

### Order

And now, June 13, 1961, the exceptions mentioned in exhibits A to J at the hearing held on April 18, 1961, are herewith sustained. The disallowance of these claims by the statutory liquidator is set aside, and the statutory liquidator is directed to make proportionate distribution to these claimants in accordance with the evaluation made of their claims. This order shall become final unless exceptions are filed hereto within 20 days.