## Burnheimer v. Repman

*James R. Clippinger,* for plaintiffs.
*Raymond L. Hovis,* for defendant.
*James F. Carl,* for additional defendant.
*Robert J. Brown,* for garnishee.

BUCKINGHAM, *J.,* June 4, 1979—This matter is before the court on the petition of Agway Insurance Company (Agway) to strike the judgment in the amount of $16,800 in favor of plaintiffs and against defendant, with $15,000 being allocated to the claim of Charles F. Burnheimer and Louise M. Burnheimer, his wife, in their own right and $1,800 being allocated to Charles F. Burnheimer and Louise M. Burnheimer, as parents and natural guardians of John G. Burnheimer, a minor. The judgment was entered March 22, 1978, by the prothonotary of York County pursuant to a written stipulation signed on March 21, 1978, by counsel for plaintiffs, defendant, and additional defendant and filed on March 22, 1978.

The background for the judgment is somewhat unusual. On September 21, 1972, plaintiff, Louise M. Burnheimer, was operating a car with plaintiffs, Charles F. Burnheimer, her husband, and John G. Burnheimer, their minor son, as her passengers. She collided with a car being operated by defendant, with the consent of the owner, Harold D. Kulp. Kulp was insured by Agway. Agway was promptly notified of the accident and on November 2, 1972, Agway notified Kulp in writing that Kulp's insurance policy with Agway did not cover Kulp's car in the accident.

On August 12, 1974, plaintiffs filed a *summons* of trespass against defendant which was served on defendant on August 16, 1974. On September 3,

1974, an attorney representing both Kulp and defendant, wrote Agway's counsel, enclosing a copy of the summons and requesting that Agway defend Kulp and defendant under Kulp's policy. On October 14, 1974, Agway's counsel replied in writing to the attorney that Agway did not consider defendant an insured person under the policy and therefore was not obligated to undertake the defense of defendant in the action. On October 23, 1974, Agway's claim supervisor wrote Kulp indicating that Agway never had provided coverage for the 1968 Chevrolet involved in the accident on September 21, 1972, and therefore would not provide a defense for Kulp or defendant.

Agway's basis for this decision was that it had previously notified Kulp that, because of defendant's driving record and accidents prior to his being sixteen years of age and receiving an operator's license, as well as thereafter, defendant would not qualify as an insured under any policy issued by Agway. Agway further contended that it suggested insurance coverage for defendant might be obtained through an assigned risk plan which would require the filing of an application and a down payment of $100 to accompany the application, but that such application and $100 was never provided by defendant. These contentions of Agway were disclosed in the pleadings Agway filed in the hereinafter discussed garnishment proceedings in Dauphin County.

On April 23, 1976, plaintiffs filed a *complaint* against defendant for damages and injuries they sustained in the accident. On May 7, 1976, defendant, through private counsel, filed an answer and new matter joining plaintiff, Louise M. Burnheimer, as an additional defendant. On March 22,

1978, the above-referred-to judgment was entered. On May 1, 1978, plaintiffs transferred the judgment from York County to Dauphin County and started garnishment proceedings there against Agway by the filing of a writ and interrogatories of attachment. When these documents were served on Agway on May 9, 1978, Agway, for the first time, learned of the filing of the complaint, answer and new matter, the stipulation of counsel and the judgment.

Agway contested the garnishment proceedings in Dauphin County by filing an answer and new matter to plaintiffs' interrogatories on July 31, 1978. On September 12, 1978, plaintiffs filed an answer to Agway's new matter.

On January 12, 1979, Agway filed a petition in York County to strike the judgment, to which plaintiffs filed preliminary objections on January 18, 1979. The matter is before the court on those preliminary objections.

This case illustrates the procedural morass into which litigants can fall. Agway preliminarily contends that the Rules of Civil Procedure require the filing of an answer to its petition to strike the judgment. Agway is correct, but since it concedes that the court may treat plaintiffs' preliminary objections as an answer, we shall exercise our discretion and do so: Moran v. Paine, Webber, Jackson & Curtis, 422 Pa. 66, 220 A. 2d 624 (1966).

In Agway's petition to strike the judgment it alleges that the judgment is void because the parties failed to comply with the Act of 1935, 12 P.S. §745, which provides: "Judgment by agreement. Whenever any parties to an action or proceeding at law shall have agreed to the entry of a particular judgment therein, any judge of the court, in which such

action or proceeding is pending, may enter such judgment directly without the verdict of a jury, with the same force and effect as if such judgment were upon a verdict. 1935, June 10, P.L. 295, No. 129, §1." Also Pa.R.C.P. 1037(c), which provides: "In all cases, the court, on motion of a party may enter an appropriate judgment against the parties upon default or admission."

No reported cases have been found interpreting the Act of 1935. However, we agree with Agway that the judgment here is void because of the failure of the parties to secure court approval of the agreed-to judgment as required by the act or the rule. It is true that the legislature and the Supreme Court made it discretionary with the court to give its approval of the agreed judgment, but the plain language of the act and the rule indicates that the judgment has no force or effect whatsoever without such court approval. Plaintiffs argue that the word "may" places the option in them to seek court approval of the judgment. To the contrary, we believe this places the option in the court to approve or disapprove the judgment when requested to do so. The judgment here, then, is subject to being stricken.

Nevertheless, plaintiffs, by their preliminary objections, contend that Agway's motion to strike the judgment should be dismissed because (1) improper venue, (2) Agway was not a party to the action in York County and has not heretofore petitioned to intervene in that action, (3) there is the prior pending garnishment proceedings in Dauphin County and (4) Agway has not complied with Pa.R.C.P. 3145(b)(2).

The objection to venue and the objection raising the pending prior garnishment proceedings in

Dauphin County are closely related and shall be discussed together. Plaintiffs contend that Dauphin County, not York County, is the only county which may entertain a petition to strike the judgment. Just the reverse is true. A *confessed* judgment may be *opened* in either county under the Act of July 13, 1961, P.L. 592, 12 P.S. §913: Investors Consumer Discount Co. of Pa. v. Caskey, 1 D. & C. 3d 24 (1977); Herbert Yentis and Co., Inc. v. Freeman, 57 Del. Co. 357 (1969). These two cases also held that a petition to *strike* a confessed judgment or a petition to open a judgment *obtained not by confession* (e.g., by default) may only be filed in a county where the judgment was originally entered. See also 7 Standard Pa. Pract. §164, 192.

We, therefore, conclude that a petition to strike a judgment entered by agreement of the parties, as here, may only be filed in the county where the judgment was originally entered. It follows that plaintiffs' objections raising improper venue and the prior pending attachment proceedings in Dauphin County are without merit.

Plaintiffs rely on Renschler v. Pizano (Auto.) Underwriters, Inc., 329 Pa. 249, 198 Atl. 33 (1938), where the court held that the garnishee insurance company could raise the validity of the judgment against its insured in the garnishment proceedings. However, that case is distinguishable from the present one. In Renschler, the garnishee insurance company filed a petition to open judgment, not to strike it, and the petition was filed in the same county where the judgment against the insured was originally entered. Moreover, the Pizano court did not hold that it was mandatory to litigate the question of the validity of the judgment in the garnishment proceedings but merely held that it would

be more orderly to do so, pointing out that the garnishee did not object to such a procedure.

Plaintiffs' contention that Agway's motion should be dismissed because it failed to comply with Pa.R.C.P. 3145(b)(2) is also without merit. Pa. R.C.P. 3145(b)(2) provides:

"(b) The garnishee in his answer under 'new matter' may include (2) any defense or counterclaim which he could assert against the defendant if sued by him but he may not assert any defense on behalf of the defendant against the plaintiff or otherwise attack the validity of the attachment."

Plaintiffs argue from this that Agway is now improperly attempting to attack the validity of the attachment in contravention of the rule. The short answer is, as previously pointed out, Agway may attack the validity of the underlying judgment on the basis that it is void and, furthermore, must do this in York County, not Dauphin County where the garnishment proceedings are. 9 Goodrich-Amram §3145(b): 2.3 indicates that where the judgment is void a garnishee is not prevented from attacking its validity even after the entry of the judgment or during execution. The text states at page 543: "The same analysis may perhaps apply when the garnishee seeks to assert that execution has issued on a void judgment, one utterly without legal significance and subject to collateral attack. Perhaps the garnishee may indeed be viewed as raising a defense which belongs to the original defendant; nevertheless, it appears wise not to preclude his doing so."

In support of this proposition Goodrich-Amram cites Crown Construction Co. v. Edward's Dis-

count, 13 Mercer 333 (1974), where the court said at page 334:

"Since Edward's is a garnishee the general rule of law is that a garnishee has no standing to question the validity of the judgment against the defendant in the original proceeding. Shaffer v. Hebenstreit, 119 Pa. Super. 159.

"Pa.R.C.P. 3145(b)(2) provides: 'The garnishee in his answer (to interrogatories) under "new matter" . . . may not assert any defense on behalf of the defendant against the plaintiff or otherwise attack the validity of the attachment.'

"The reasoning for this rule of law is easily understood since the dispute is between the plaintiff and the defendant and it ordinarily is no business of the garnishee. Since the garnishee owes the money it should be immaterial who he pays the money to as long as his interest is protected.

"There is an exception to this rule, however, and that is the right to attack the original judgment by the garnishee if the judgment is void. In other words, contrary to the general rule set forth above, there is case law which recognizes the standing of parties with an interest such as a garnishee to attack a judgment although the garnishee is not, per se, a party of record to it. It has been held that where a judgment is void and not merely voidable it can be challenged by a stranger to the record and striken (sic) off by the Court on its own motion: Loprete v. Langcliffe Collieries, Inc. 67 D. & C. 438.

"In Loprete v. Langcliffe Collieries, Inc., supra, at page 441, the court states:

"'It seems sound sense that no person ought to be put to expensive and tedious litigation to defend his

interest in property against the adverse claim of another when the other's claim is founded on void legal proceedings. One threatened by such litigation has sufficient interest in the prior proceedings, whether as a party to the record or not, to represent the facts to the court and invoke its powers.'

"In Romberger v. Romberger, 290 Pa. 454, it was held that no laches can run against a void judgment and so it can be stricken at any time. A court has the duty to strike such a judgment on its own motion when its attention is called to it. Therefore, it is immaterial whether petitioner has any standing when judgment is void and not merely irregular."

To the same effect is 7 Standard Pa. Pract., Chapter 30, §3, 11, which states:

"Void and Voidable Judgment.—It is a general rule of law that judgments which are voidable merely, and not void, may be avoided by the parties, but that the validity thereof may not be contested by third persons, who may interfere only to disturb and contest void judgments or those which are founded on fraud and are therefore treated as if they have no existence, wherever they trench upon the rights of third parties."

Restatement, Judgments, §11, also states that void judgments are subject to collateral attack.

Finally, plaintiffs contend that Agway's petition to dismiss the judgment should be dismissed because Agway has not intervened in the action in York County.

Pa.R.C.P. 2327 provides:

"Who May Intervene.

"At any time during the pendency of an action, a person not a party thereto shall be permitted to intervene therein, subject to these rules if (1) the entry of a judgment in such action or the satisfaction of such judgment will impose any liability upon such person to indemnify in whole or in part the party against whom judgment may be entered; or (2) such person is so situated as to be adversely affected by a distribution or other disposition of property in the custody of the court or of an officer thereof; or (3) such person could have joined as an original party in the action or could have been joined therein; or (4) the determination of such action may affect any legally enforceable interest of such person whether or not he may be bound by a judgment in the action."

However, we agree with Agway's contention that, having been brought in by plaintiffs as a garnishee in Dauphin County, it has thereby become a party to the action in the York County case and, therefore, it is not necessary for Agway to intervene in the York County case in order to file its petition to strike the judgment.

The irony is that we have no doubt that if the judgment is stricken, plaintiffs may petition the York County Court to approve the stipulated judgment upon notice to Agway. If Agway still persists in denying coverage and if the court approves the stipulated judgment, thereafter plaintiffs could reinstate their garnishment proceedings and the real issue in the case (whether or not there is coverage under Agway's policy) could be finally litigated.

In view of what we have said we shall enter an order granting the petition to strike the judgment.

## ORDER

And now, June 4, 1979, the petition of Agway Insurance Company is granted and the judgment entered by plaintiffs against defendant is hereby stricken.

An exception is granted to plaintiffs.